[878 NYS2d 687]

In the Matter of MARC A. BERNSTEIN (Admitted as MARC ALAN BERNSTEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 23, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Eileen J. Shields* of counsel), for petitioner.

*Michael S. Ross* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Marc A. Bernstein was admitted to the practice of law in the State of New York by the First Judicial Department on February 8, 1982. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) immediately suspending respondent from the practice of law until further order of this Court, based upon his failure to cooperate with the lawful demands of the Committee, his substantial admission under oath of serious misconduct, and other uncontested evidence of professional misconduct immediately threatening the public interest.

Twelve disciplinary complaints are pending against respondent, six alleging neglect of client matters, three involving dishonored checks, and three asserting that respondent failed to disburse client settlement funds in a timely manner. The submitted documentary evidence relates to three of those 12 complaints.

In one matter, respondent deposited a $250,000 medical malpractice settlement check into his IOLA account in May 2007. After falsely telling the client in August that he had not yet received the funds, one month later he sent her a check for $185,269, her share of the settlement, but stopped payment two weeks later, when his account balance fell to approximately $88,000. Respondent issued a second check in December, but stopped payment on that check as well. One year later, over the course of September through December 2008, respondent made payments to the client, but still owes $17,500.

In a second medical malpractice matter, respondent delayed disbursement of settlement funds to his client, made payments in installments, stopped payment on at least three checks, and still owes the client approximately $100,000.

With respect to a third medical malpractice matter, respondent deposited the $650,000 settlement check into his IOLA account, but only disbursed $85,000 to the client. Bank records reflect that, shortly after depositing the settlement check, respondent's IOLA account balance fell well below the amount

due his client. In addition, seven months later respondent signed a sworn "confession," admitting to converting almost $400,000 of the client's share of the settlement funds and to lying to the client.

Respondent has produced only some of the records requested by the Committee, and failed to appear for deposition.

We conclude that the Committee has demonstrated, through uncontested documentary evidence, and respondent's sworn statement, that he converted client funds for his personal use, and made numerous misrepresentations to his clients regarding his misappropriations. In addition, he has failed to fully cooperate with the Committee, and has made misrepresentations to the Committee. Therefore, an interim suspension pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) is warranted (*see Matter of Fish*, 57 AD3d 112 [2008]; *Matter of Melman*, 25 AD3d 38 [2005]). We decline to accept respondent's letter of resignation.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary proceedings have been concluded and until further order of this Court; respondent's request to resign should be denied.

GONZALEZ, P.J., TOM, ANDRIAS, NARDELLI and BUCKLEY, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.