[893 NYS2d 525]

In the Matter of HUGH A. ZUBER (Admitted as HUGH ALEXANDER ZUBER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mary Louise A. Biunno* of counsel), for petitioner.

*Scalise & Hamilton, LLP* (*Sarah Jo Hamilton* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Hugh A. Zuber was admitted to the practice of law in the State of New York by the Second Judicial Department on April 14, 1999, under the name Hugh Alexander Zuber. At all times relevant to the instant proceedings, respondent has practiced law as a staff attorney for the Office of the Corporation Counsel for the City of New York located within the First Department. All of his misconduct, however, was unrelated to his responsibilities at the Corporation Counsel's office.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) immediately suspending respondent from the practice of law until further order of the Court based upon uncontested evidence of respondent's professional misconduct which threatens the public interest.

The Committee's motion is based upon complaints filed by Michael D. Shanabrook, Esq. and Alfonzo Mack. Pursuant to the Shanabrook complaint, respondent converted $30,000 that Shanabrook deposited in what he believed were respondent's escrow accounts for a real estate transaction. The Mack complaint alleged that respondent defrauded him of approximately $200,000 during the course of a real estate transaction.

Respondent was arrested on June 2, 2009 and charged with several felonies related to his activities with respect to the Mack complaint and in connection with an unrelated sale of property in Bronx County. On December 11, 2009, in the Southern District of New York, respondent pleaded guilty to two counts of mail fraud arising from his participation in schemes to defraud two clients, one being Mack.

In an affirmation in response, counsel for respondent states that respondent consents "to the imposition of an interim suspension pending the outcome of the criminal charges filed against him." Further, although respondent invokes his Fifth Amendment privilege with respect to the Shanabrook and Mack complaints, counsel states that respondent cannot successfully defend himself against formal charges of misconduct based upon those complaints, and that respondent "has voluntarily ceased the practice of law."

22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, *may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest.* Such a finding shall be based upon: . . .

"(iii) . . . uncontested evidence of professional misconduct." (Emphasis added.)

Immediate suspension on an interim basis is appropriate where the Committee has presented substantial and uncontested evidence of intentional conversion or misappropriation of client/ third-party funds by a respondent (*see e.g. Matter of Bernstein*, 63 AD3d 87 [2009] [interim suspension based upon bank records and respondent's admission of conversion under oath]; *Matter of Blau*, 50 AD3d 240 [2008] [documentary evidence, including bank records and admissions by respondent under oath]; *Matter of Berman*, 45 AD3d 219 [2007] [interim suspension based upon, inter alia, documentary evidence]).

In the instant matter, the Committee is in possession of substantial documentary evidence in the form of bank records and other documents which demonstrates respondent's misconduct. Indeed, respondent's failure to contest the motion and his qualified consent to the Committee's requested relief (*Matter of Caro*, 40 AD3d 43, 45 [2007]),* as well as the invocation of his Fifth Amendment privilege against self-incrimination (*see e.g. Matter of Boter*, 46 AD3d 1, 7 [2007] [Court drew an adverse inference against attorney who invoked Fifth Amendment privilege]; *Matter of Berman*, 45 AD3d at 221 [same]), is in of itself more than sufficient for the requested relief.

Accordingly, the petition should be granted pursuant to 22 NYCRR 603.4 (e) (1) (iii), and respondent suspended from the

---

* Although respondent consented "to the imposition of the interim suspension pending the outcome of the criminal charges filed against him," suspension is appropriate until the conclusion of the disciplinary proceeding, which will not occur until the conclusion of the criminal matter (unless the Committee ultimately decides to move for respondent's disbarment pursuant to 22 NYCRR 603.4 [g]).

practice of law, effective immediately, and until further order of this Court.

GONZALEZ, P.J., SAXE, MCGUIRE, ACOSTA and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.