[46 NYS3d 893]

In the Matter of PAUL R. KARAN (Admitted as PAUL RICHARD KARAN), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 23, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Herrick, Feinstein, LLP*, New York City (*Victor J. Rocco* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Paul R. Karan was admitted to the practice of law in the State of New York by the Second Judicial Department on March 30, 1961, under the name Paul Richard Karan. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

In September 2016, a member of the law firm where respondent had been employed since April 2015 filed a complaint with the Attorney Grievance Committee in which he alleged that, inter alia, respondent had admitted to misappropriating "probably $250,000" from an estate for which he served as executor. Respondent's employment was immediately terminated. During a subsequent telephone conversation, respondent purportedly stated that he took the funds because of his deceased wife, who had been ill, and a large tax bill he received for failing to pay unincorporated business tax.

The law firm conducted an investigation of the files maintained by respondent while he was employed with the firm which revealed "substantial financial irregularities in matters where [respondent] acted as a fiduciary and had sole control over trust and estate bank accounts." The law firm then retained the services of a forensic auditing firm to audit the matters in which respondent served as a fiduciary. The audit revealed that respondent had misappropriated over $1.3 million from nine estate and trust accounts.

The audit also disclosed an additional $2,053,500 in "questionable" transactions for which there was insufficient documentation to determine if these monies were also misappropriated by respondent.

By letter dated November 7, 2016, the Committee requested respondent submit a written answer to the law firm's complaint, a copy of which was enclosed along with the audit report and documents and records related thereto.

On November 17, 2016, respondent's counsel wrote the Committee advising that respondent was asserting his Fifth Amendment privilege and declined to respond to the allegations in the complaint because he had been informed that he was the subject of a criminal investigation by the New York County District Attorney's Office.

Thereafter, the Committee served respondent with a judicial subpoena requiring him to appear for an examination under oath.

By letter dated November 29, 2016, signed by both respondent and his counsel, respondent advised the Committee that were he to appear for his deposition as directed he would invoke his Fifth Amendment privilege and respectfully refuse to answer any questions regarding the allegations at issue.

The Committee has now moved for an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (5), immediately suspending respondent from the practice of law until further order of this Court. Respondent consents to his interim suspension.

We find that the Committee has met its burden, and that respondent should be immediately suspended pending further proceedings and until further order of this Court. Notwithstanding his consent to an interim suspension, the documentary evidence submitted shows that respondent has converted and/or misappropriated over $1.3 million in trust and estate funds. Furthermore, this Court has consistently stated that an adverse inference may be drawn from an attorney's invocation of the Fifth Amendment privilege against self-incrimination, and there is no reason not to draw such inference here (*see e.g. Matter of Babalola*, 121 AD3d 181 [1st Dept 2014]; *Matter of Harris*, 97 AD3d 96 [1st Dept 2012]; *Matter of Zuber*, 71 AD3d 170 [1st Dept 2010]; *Matter of Berman*, 45 AD3d 219 [1st Dept 2007]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters before the Committee have been concluded, and until further order of this Court.

FRIEDMAN, J.P., RICHTER, SAXE, MOSKOWITZ and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters have been concluded, and until further order of this Court.