[54 NYS3d 859]

In the Matter of EDWARD N. KISS, an Attorney, Respondent.
ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL
DEPARTMENT, Petitioner.

*First Department, July 6, 2017*

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,*
New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Scalise & Hamilton, LLP* (*Deborah A. Scalise* of counsel), for
respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Edward N. Kiss was admitted to the practice of law in the State of New York on October 7, 2004, by the Second Judicial Department. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Attorney Grievance Committee (Committee) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (5), immediately suspending respondent from the practice of law until further order of this Court, based on uncontroverted evidence that he converted and/or misappropriated at least $27,500 of client funds, which constitutes professional misconduct immediately threatening the public interest.

In June 2016, a former client of respondent filed a complaint with the Committee alleging that respondent converted approximately $50,000 of his funds. The complaint alleged that in 2007, while incarcerated at a New York State correctional facility, the client retained respondent to manage payments from a family trust of which he was a beneficiary. In October 2011, the client gave respondent power of attorney to handle banking transactions for him, pursuant to which respondent opened an account (POA account), into which trust income was deposited. The client alleged that subsequently respondent converted $50,000 from the POA account.

In support of its motion, the Committee submits bank records showing that on August 10, 2012, $7,500 was withdrawn from the POA account and a deposit of $7,500 was made to respondent's personal account, and that on July 10, 2015, $20,000 was withdrawn from the POA account and a $20,000 deposit was made to respondent's personal account.

On January 25, 2017, respondent, represented by counsel, appeared for an examination under oath before the Committee. The Committee informed respondent of his right to invoke the Fifth Amendment and that invoking that right could lead to a negative inference being drawn against him. When asked by the Committee to explain the August 2012 and July 2015 transactions, respondent invoked his Fifth Amendment right and refused to answer.

The Committee additionally submits a letter, dated April 19, 2016, from respondent's office mate and attorney who had

represented the client in a criminal matter, offering a proposed $25,112 settlement, and apparently threatening the client that his pursuit of litigation against respondent might result in exposure of incriminating information.

The Committee argues that the submitted documentary evidence, coupled with the negative inferences drawn from respondent's invocation of his Fifth Amendment right, constitute uncontroverted evidence that respondent has converted and/or misappropriated at least $27,500 in client funds, thereby engaging in professional misconduct immediately threatening the public interest, and warranting his interim suspension pursuant to 22 NYCRR 1240.9 (a) (5).

In opposition, respondent argues, inter alia, that the Committee has not shown he has engaged in conduct immediately threatening the public interest because the alleged misconduct was limited to one client matter and has been remedied by his placing $25,112.90 in escrow.

We find that the submitted documentary evidence establishes that respondent has converted and/or misappropriated at least $27,500 in client funds, and that this conduct immediately threatens the public interest. We note this Court has consistently stated that an adverse inference may be drawn from an attorney's invocation of the Fifth Amendment privilege against self-incrimination (*see Matter of Karan*, 149 AD3d 14 [1st Dept 2017]; *Matter of Harris*, 97 AD3d 96 [1st Dept 2012]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters before the Committee have been concluded, and until further order of this Court.

TOM, J.P., FRIEDMAN, SWEENY, RICHTER and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending against him have been concluded, and until further order of this Court.