[65 NYS3d 1]

In the Matter of PINCUS D. CARLEBACH (Admitted as PINCUS DAVID CARLEBACH), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 21, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Pincus D. Carlebach*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Pincus D. Carlebach was admitted to the practice of law in the State of New York by the Second Judicial Department on February 27, 1991, under the name Pincus David Carlebach. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.

The Attorney Grievance Committee (the Committee) moves for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (5), immediately suspending respondent from the practice of law until further order of this Court based on uncontroverted evidence of professional misconduct, namely, that he converted and/or misappropriated third-party funds in connection with a bankruptcy-related real estate transaction, and which misconduct immediately threatens the public interest. Respondent, pro se, opposes the Committee's motion.

The Committee's investigation arises from a complaint that alleged respondent had failed to refund a down payment in a canceled real estate transaction. In 2017, the buyer entered into a contract to purchase real estate from a debtor in a bankruptcy proceeding. Respondent, who represented the seller, acted as escrowee in the transaction. On March 10, 2017, a down payment of $1 million was wired into respondent's IOLA account in connection with the contract of sale. The buyer later exercised its right to terminate the contract and demanded return of its down payment.

In June 2017, respondent returned $200,000 of the down payment. The buyer's attorney then demanded respondent immediately return the remaining balance. In August 2017, respondent returned an additional $25,000, but no further funds were received thereafter. In August 2017, the Committee obtained respondent's IOLA account records for the period of January to July 2017. The records showed that respondent began making withdrawals after the down payment was received, falling below $1 million on March 16, 2017, and

continuing to fall to only $18,092.64 as of July 31, 2017. Neither the buyer nor its counsel authorized respondent to disburse any portion of the $1 million down payment.

In or about August 2017, the Committee served respondent with a judicial subpoena directing him to produce certain business and IOLA account records in accordance with rule 1.15 (d) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0). In September 2017, respondent's former counsel emailed the Committee bank statements for respondent's IOLA account and business accounts, but did not provide the additional records requested.

Respondent, pro se, opposes the motion and requests it be denied and dismissed, alleging that the buyer has unclean hands by never intending to close the sale at issue. Further, respondent alleges he prevented the buyer's fraudulent scheme to have the bankruptcy court cancel the contract so that the buyer would receive a "breakup fee" of $400,000, but does not address his conversion/misappropriation of the down payment.

We find that the bank's records presented by the Committee, which respondent has failed to address adequately, demonstrate that he converted and/or misappropriated approximately $800,000 of the buyer's down payment, and that this conduct immediately threatens the public interest (*see e.g. Matter of Kiss*, 152 AD3d 129 [1st Dept 2017]; *Matter of Karan*, 149 AD3d 14 [1st Dept 2017]; *Matter of Lessoff*, 142 AD3d 107 [1st Dept 2016]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9 (a) (5), effective immediately, and until further order of this Court.

ACOSTA, P.J., FRIEDMAN, RICHTER, MOSKOWITZ and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, and until further order of this Court.