Matter of Karan (2017 NY Slip Op 08345)





Matter of Karan


2017 NY Slip Op 08345


Decided on November 28, 2017


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
Rosaylyn H. Richter
Karla Moskowitz
Barbara R. Kapnick
Anil C. Singh,Justices.


M-4852

[*1]In the Matter of Paul R. Karan, (admitted as Paul Richard Karan), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Paul R. Karan, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Paul R. Karan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second on March 30, 1961.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, of counsel), for petitioner.
No appearance for respondent.



PER CURIAM


Respondent Paul R. Karan was admitted to the practice of law in the State of New York by the Second Judicial Department on March 30, 1961, under the name Paul Richard Karan. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.
By notice of motion dated December 13, 2016, the Attorney Grievance Committee (Committee) sought respondent's immediate suspension from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(5) based upon uncontroverted [*2]evidence of professional misconduct which immediately threatened the public interest. Specifically, the Committee submitted documentary evidence demonstrating that respondent had converted and/or misappropriated over $1.3 million from nine estate and trust accounts.
The Committee's notice of motion seeking respondent's interim suspension contained the following language:
"PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended pursuant to 22 NYCRR 1240.9(a), and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by the Court without further notice".
Respondent consented to his interim suspension.
By order entered February 23, 2017, this Court granted the Committee's motion and immediately suspended respondent from the practice of law and until further order of the Court (149 AD3d 14
[1st Dept 2017]).
By a notice of entry dated March 1, 2017, the Committee served respondent's counsel with a copy of this Court's order of suspension by first class mail and certified mail return receipt requested. Both mailings were received by counsel and the return receipt for the certified letter was signed and returned to the Committee.
Now, the Committee seeks an order disbarring respondent on the ground that he was suspended under 22 NYCRR 1240.(a)(5) and has "failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the Order of suspension" (see 22 NYCRR 1240.9[b]).
As with the interim suspension motion, respondent's counsel was served with this motion by first class mail and certified mail return receipt requested but no response has been filed with the Court. The Committee notes that not only has respondent failed to substantively respond to or appear for further investigatory or disciplinary proceedings since his suspension but, pursuant to a letter dated March 7, 2017, which was in response to a Committee inquiry involving an allegation of misconduct, respondent reasserted his Fifth Amendment privilege against self-incrimination with regard to allegations underlying the grievance proceeding.
Accordingly, inasmuch as more than six months have elapsed since this Court's February 23, 2017 suspension order, and respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York (Matter of Shedrinsky, 152 AD3d 132 [1st Dept 2017]; Matter of Jones, 148 AD3d 113 [1st Dept 2017]; Matter of Odikpo, 147 AD3d 48 [1st Dept 2016]).
All concur.
Order filed [November 28, 2017].
Friedman, J.P., Richter, Moskowitz, Kapnick, Singh, JJ.
Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.