Matter of Tan (2019 NY Slip Op 03128)





Matter of Tan


2019 NY Slip Op 03128


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: April 25, 2019
[*1]
In the Matter of LINCOLN LIM TAN JR., a Suspended Attorney.

ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; LINCOLN LIM TAN JR., Respondent. (Attorney Registration No. 4970240)

Calendar Date: February 4, 2019

Before: Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Lincoln Lim Tan Jr., Jersey City, New Jersey, respondent pro se.



DECISION AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2011. He presently lists a New Jersey business address with the Office of Court Administration.
By September 2018 order, this Court found that respondent's failure to fully cooperate with petitioner's investigation related to respondent's attorney escrow account had demonstrated that he engaged in conduct immediately threatening the public interest; accordingly, we suspended him from the practice of law during the pendency of the investigation (Matter of Tan, 164 AD3d 1537, 1538 [2018]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). This finding was based upon respondent's conduct in, among other things, refusing to comply with petitioner's lawful demand for a sworn examination (Matter of Tan, 164 AD3d at 1538). Upon respondent's demand for a prompt postsuspension hearing, petitioner was directed to file and serve a petition of charges related to the allegations of noncooperation giving rise to respondent's interim suspension. In November 2018, petitioner duly commenced this proceeding alleging, in a single charge, that respondent engaged in conduct prejudicial to the administration of justice in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) by failing "to cooperate with . . . petitioner in its investigation." Respondent joined issue and the parties thereafter each filed a statement of disputed facts. Subsequently, respondent moved for an order appointing a referee to hear and report. Petitioner, after withdrawing a disputed issue concerning the adequacy of respondent's production of requested documents, cross-moved for an order, among other things, declaring that no factual issues are raised by the parties' pleadings.
Upon review of the parties' motions, we conclude that respondent's motion for the appointment of a referee must be denied and petitioner's cross motion to find respondent guilty of the professional misconduct charged and specified in the petition be granted. Although respondent requested a hearing, petitioner correctly points out that he has failed to present any nonconclusory disputed facts warranting the appointment of a referee to hear and report. Significantly, both respondent's answer and statement of disputed facts principally address matters unrelated to the subject petition. With respect to the charged allegation of failure to cooperate with a pending investigation, respondent principally argues that he was justified in failing to appear at the scheduled examination because of, among other things, his incorrect claim that conducting such an examination would be illegal or in derogation of his constitutional rights.[FN1]
Given the absence of factual issues concerning respondent's refusal to cooperate and the pleadings and other documentation confirming his refusal to appear for a sworn examination, we find respondent guilty of the professional misconduct as alleged in the petition. Turning to the appropriate sanction, inasmuch as respondent's present interim suspension from the practice of law is solely related to his failure to cooperate (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]), we deem it appropriate to confirm that suspension. Such suspension will continue until such time as the disciplinary matters before petitioner have been concluded and respondent submits a meritorious application for reinstatement in conformance with the applicable procedures (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's motion seeking the appointment of a referee to hear and report is denied, and petitioner's cross motion for a declaration that no factual issues have been raised by the pleadings is granted; and it is further
ORDERED that respondent is found guilty of violating Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), as specified in the petition of charges; and it is further
ORDERED that respondent's current suspension from the practice of law is confirmed and continued until further order of this Court.



Footnotes

Footnote 1: Along with claiming that he was justified in refusing to appear at the examination or attempt to reschedule due to a medical appointment, respondent continues to insist that, regardless of any scheduling issues, such an examination would have been in derogation of his constitutional rights because of his belief that petitioner planned to ask him questions that would violate his 5th Amendment rights. However, in the absence of this speculation, the notice issued by petitioner related only to a demand that he appear at the examination. To the extent that respondent apparently misunderstands his obligations as an attorney in this state, it is noted that licensed attorneys are all required to cooperate with investigations into their professional conduct. This includes appearing at scheduled hearings and examinations, which they are free to attend represented by counsel. Significantly, what an examined attorney ultimately chooses to say, or not say, in the course of such proceedings does not obviate the underlying obligation to cooperate or participate (see e.g. Matter of Kiss, 152 AD3d 129, 130-131 [2017]); nor does an investigated attorney possess the unilateral right to dictate the nature and/or scope of an appropriate investigation.