Matter of Schwartz (2023 NY Slip Op 01842)

Matter of Schwartz

2023 NY Slip Op 01842

Decided on April 06, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Ellen Gesmer
Lizbeth González
Manuel J. Mendez
Julio Rodriguez III, JJ.

Motion No. 2022-04711 Case No. 2022-05338 

[*1]In the Matter of Michael Schwartz, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael Schwartz (OCA Atty. reg. No. 4258067), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 13, 2004.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Remi E. Shea, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Michael Schwartz was admitted to the practice of law in the State of New York by the First Judicial Department on September 13, 2004. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(5), immediately suspending respondent from the practice of law until further order of this Court. The AGC submits that respondent's immediate suspension is warranted based on undisputed evidence that respondent converted and/or misappropriated funds in connection with two separate real estate transactions.
The first real estate transaction involved respondent's representation of a housing development fund corporation (HDFC) in the sale of a cooperative apartment to J.H. for $300,000. In April 2019, J.H.'s counsel wired a $30,000 down payment to respondent's escrow account. Prior to the closing on the apartment in August 2019, respondent made several withdrawals from the escrow account that were unrelated to the sale. The balance in the escrow account eventually fell to $508.75. Respondent has failed to remit the $30,000 down payment to the HDFC, notwithstanding several email requests from its managing agent.
The second real estate transaction concerns respondent's representation of a second HDFC. In 2020, M.H. purchased an apartment from an HDFC co-op member for $320,000. The $35,250 flip tax and respondent's $2,000 legal fee were subsequently deposited into respondent's escrow account. Respondent received $665.48 from M.H. to pay the November 2020 maintenance fee for the apartment. That money was also placed into his escrow account.
Respondent thereafter withdrew $2,700 from the escrow account, which exceeded his legal fee by $700. Respondent made 10 additional withdrawals from his escrow account that totaled approximately $7,900.
Between November 1, 2020 and November 25, 2020, the second HDFC and M.H. exchanged emails concerning her November maintenance fee. After informing M.H. that it never received the $665.48 she previously sent to respondent, the second HDFC asked respondent to promptly remit the flip tax and M.H.'s maintenance payment. To date, respondent has failed to do so.
In sum, the AGC claims that respondent converted a total amount of $65,915.48. The AGC alleges further that respondent made 50 improper cash withdrawals from his escrow account between October 2019 and October 2020. The AGC claims that, between October 2021 and February 2022, respondent deposited personal funds into his escrow account on 20 occasions.
For his part, respondent disclosed that, between 2018 and 2021, he was taking medication for major depression and repeatedly hospitalized for alcoholism and addiction to prescription medication. Respondent provided [*2]this information to explain why he lacks memory of certain events.
We find that the bank records and other documents submitted by the AGC are undisputed evidence that respondent converted, commingled, and/or misappropriated funds, and that this conduct immediately threatens the public interest (see Matter of Carlebach, 156 AD3d 44 [1st Dept 2017]; Matter of Kiss, 152 AD3d 129 [1st Dept 2017]; Matter of Karan, 149 AD3d 14 [1st Dept 2017]). We note that respondent consents to an interim suspension.
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion pursuant to 22 NYCRR 1240.9(a)(5) is granted, based upon uncontroverted evidence of respondent's conversion and/or misappropriation of funds in connection with two separate real estate transactions, which conduct immediately threatens the public interest, and respondent Michael Schwartz is suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and,
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Michael Schwartz shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Michael Schwartz shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1250.15), which are made part hereof; and
IT IS FURTHER ORDERED that if respondent Michael Schwartz has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency; and
IT IS FURTHER ORDERED that, within 20 days of the date of service of this decision, respondent Michael Schwartz may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).
Order filed. April 6, 2023