Matter of Chilliest (2026 NY Slip Op 01407)

Matter of Chilliest

2026 NY Slip Op 01407

Decided on March 12, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
Barbara R. Kapnick Ellen Gesmer Julio Rodriguez III Shlomo S. Hagler
Justices.
 Motion No. 2025-06803 Case No.2023-04980
 In the Matter of Anthony Servall Chilliest
An attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
Anthony Servall Chilliest (OCA Atty. Reg. No. 2691574)
Respondent.

Motion No. 2025-06803|Case No. 2023-04980|

[*1]In the Matter of Anthony Servall Chilliest, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Anthony Servall Chilliest (OCA Atty. Reg. No. 2691574), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Anthony Servall Chilliest, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 28, 1995.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York City
(Orlando Reyes, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Anthony S. Chilliest was admitted to the practice of law in the State of New York by the Second Judicial Department on June 28, 1995, under the name Anthony Servall Chilliest. Respondent maintains an office for the practice of law in the First Judicial Department.
In October 2023, the Attorney Grievance Committee (AGC) served respondent with a notice and petition of charges alleging that, in connection with the sale of a residential apartment owned by an estate he represented, respondent committed non-venal misappropriation of client/third party funds by depositing a portion of the buyer's downpayment into his business accounts and by remitting all the sale proceeds he was holding to one of the three estate heirs prior to the completion of Surrogate Court proceedings involving the estate, in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a) and 8.4(d); failed to segregate the estate funds and commingled them with his law firm's business funds in violation of rules 1.15(a) and 1.15(b); failed to keep required bookkeeping records in violation of rule 1.15(d)(1)(i), (ii), and (2); and by engaging in other conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4(h).
In January 2024, the AGC moved for an order finding respondent in default based on his failure to serve and file an answer to the charges, deeming the allegations and charges in the petition admitted, immediately suspending respondent from the practice of law based upon his default, and referring the matter to a referee for a hearing on the issue of sanction only. Respondent opposed and requested that the Court extend his time to answer the charges. By unpublished order dated March 8, 2024 (M-5706), the Court granted the AGC's motion to the extent of directing respondent to file an answer to the petition within 30 days of the date of the order.
On or about April 7, 2024, respondent filed an answer denying all the charges. On or about April 30, 2024, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(2), the AGC filed a statement of disputed and undisputed facts. Respondent did not file his own statement of disputed and undisputed facts. By corrected, unpublished order dated February 14, 2025 (M-5969), the Court appointed George A. Davidson as Referee to conduct a hearing on all of the charges, to make findings of fact and conclusions of law, and to recommend such sanction as may be appropriate. The hearing has concluded.
Now, by notice of motion dated December 12, 2025, the AGC seeks an order pursuant to 22 NYCRR 1240.9(a)(1), (3), and (5) immediately suspending respondent from the practice of law until further order of this Court, based on testimonial and documentary evidence that he converted and/or misappropriated escrow funds, failed to comply with the AGC's repeated requests that he answer two complaints, and failed to appear for an examination under oath and produce specified documents as directed by the AGC in a notice to appear and also by judicial subpoena.
AGC argues, inter alia, that respondent's alleged deceitful failure to disclose to one client that he was the CEO of the debtor entity to which the client loaned $200,000 and, without the client's knowledge, disbursed $140,000 of the loan funds to a corporate third party (for which respondent was the General Counsel) not listed on the promissory note also constitutes uncontroverted evidence that respondent intentionally converted and/or misappropriated third-party and/or client funds. However, this alleged misconduct does not, based on the present record, sufficiently establish the "venal intent" required for intentional conversion under rule 8.4(c), i.e., "evidence that the attorney knowingly withdrew IOLA or escrow funds, without permission or authority, and that he used said funds for his own purposes" (Matter of Kreger, 235 AD3d 85, 88 [1st Dept 2025] [internal quotation marks omitted]).
Nevertheless, AGC has met its burden, and respondent should be immediately suspended pursuant to 1240.9(a)(1), (3), and (5). First, the witness testimony and bank records presented to the grand jury sufficiently evince that respondent converted and/or misappropriated approximately $210,000 in escrow funds in connection with a second client's real estate transaction, thus warranting his interim suspension under 1240.9(a)(5) (see e.g. Matter of Schwartz, 214 AD3d 153 [1st Dept 2023] [interim suspension pursuant to 1240.9(a)(5) based on documentary evidence, including bank records, evincing conversion and/or misappropriation of escrow funds]; Matter of Carlebach, 156 AD3d 44 [1st Dept 2017]; Matter of Kiss, 152 AD3d 129 [1st Dept 2017]; Matter of Karan, 149 AD3d 14 [1st Dept 2017]).
Second, respondent's failure to cooperate with the AGC's investigation of the complaints of both clients warrants his interim suspension under 1240.9(a)(1) and (3). Specifically, the record evinces that, to date, respondent has failed to comply with the AGC's repeated requests that he answer the two complaints, and he has failed to appear for a deposition and to produce specified documents, as directed by the AGC's notice to appear and judicial subpoena (see e.g. Matter of Gard, 230 AD3d 96 [1st Dept 2024] [interim suspension pursuant to 1240.9(a)(3) for failure to answer complaints and failure to appear for deposition]; Matter of Tessler, 215 AD3d 61 [1st Dept 2023] [interim suspension pursuant to, inter alia, 1240.9(a)(1) and (3) for failure to answer complaints and failure to appear for a deposition as directed by judicial subpoena]; Matter of Greenblum, 199 AD3d 84 [1st Dept 2021]; Matter of Doris, 186 AD3d 23 [1st Dept 2020]).
Accordingly, AGC's motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for interim suspension, pursuant to 22 NYCRR 1240.9(a)(1), (3) and (5), is granted, and respondent, Anthony Servall Chilliest, is suspended from the practice of law, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Anthony Servall Chilliest, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Anthony Servall Chilliest, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Anthony Servall Chilliest, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and
It is further Ordered that, within 20 days of the date of service of this order, respondent Anthony Servall Chilliest, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).
Entered: March 12, 2026