Matter of Chilliest
2026 NY Slip Op 03760
June 16, 2026
Appellate Division, First Department
Per Curiam.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Anthony Servall Chilliest, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Anthony Servall Chilliest (OCA Atty. Reg. No. 2691574), Respondent.

Supreme Court, Appellate Division, First Judicial Department
Decided and Entered: June 16, 2026
Motion No. 2026-01812|Case No. 2023-04980|
Present — Hon. Dianne T. Renwick, Presiding Justice, Barbara R. Kapnick Ellen Gesmer Julio Rodriguez III Shlomo S. Hagler

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Orlando Reyes, of counsel), for petitioner.
Respondent, pro se.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Anthony Servall Chilliest, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 28, 1995.

Per Curiam.
[*1]
Respondent Anthony S. Chilliest was admitted to the practice of law in the State of New York by the Second Judicial Department on June 28, 1995, under the name Anthony Servall Chilliest. Respondent maintains an office for the practice of law in the First Judicial Department.
In October 2023, the Attorney Grievance Committee (AGC) served respondent with a notice and petition of charges alleging that, in connection with the sale of a residential apartment owned by an estate he represented, respondent committed non-venal misappropriation of client/third party funds by depositing a portion of the buyer's downpayment into his business accounts and by remitting all the sale proceeds he was holding to one of the three estate heirs prior to the completion of Surrogate Court proceedings involving the estate, in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a) and 8.4(d); by failing to segregate the estate funds and commingling them with his law firm's business funds in violation of rules 1.15(a) and 1.15(b); failing to keep required bookkeeping records in violation of rule 1.15(d)(1)(i), (ii), and (2); and by engaging in other conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4(h).
In January 2024, the AGC moved for an order finding respondent in default based on his failure to serve and file an answer to the charges, deeming the allegations and charges in the petition admitted, immediately suspending respondent from the practice of law based upon his default, and referring the matter to a referee for a hearing on the issue of sanction only. Respondent opposed and requested that the Court extend his time to answer the charges. By unpublished order dated March 8, 2024 (M-5706), the Court granted the AGC's motion to the extent of directing respondent to file an answer to the petition within 30 days of the date of the order.
On or about April 7, 2024, respondent filed an answer denying all the charges. On or about April 30, 2024, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(2), the AGC filed a statement of disputed and undisputed facts. Respondent did not file his own statement of disputed and undisputed facts. By corrected, unpublished order dated February 14, 2025 (M-5969), the Court appointed a Referee to conduct a hearing on all of the charges, to make findings of fact and conclusions of law, and to recommend such sanction as may be appropriate. The Referee convened the hearing on the charges on May 19, 2025, and continued it on June 9 and June 23, 2025. By report dated October 27, 2025, the Referee sustained seven of the eight charges. On December 12, 2025, the Referee convened a sanction hearing. By report dated February 9, 2026, the Referee recommended that respondent be suspended for a period of four years.
[*2]
On the same date as the sanction hearing, the AGC filed a motion seeking an order, pursuant to 22 NYCRR 1240.9(a)(1), (3), and (5), immediately suspending respondent from the practice of law until further order of this Court, based on testimonial and documentary evidence that he converted and/or misappropriated escrow funds, failed to comply with the AGC's repeated requests that he answer two complaints, and failed to appear for an examination under oath and produce specified documents as directed by the AGC in a notice to appear and also by judicial subpoena. By an order dated March 12, 2026, this Court granted the motion and immediately suspended respondent from the practice of law until further order of the Court (2026 NY Slip Op 01407 [1st Dept 2026]). To date, respondent has not been reinstated and remains suspended.
Now, by motion dated March 10, 2026, pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(2), the AGC seeks an order confirming the Referee's reports insofar as he sustained charges 1-7 and recommended a four-year suspension. However, the AGC requests that the Court disaffirm the Referee's finding not to sustain charge 8, which alleges that respondent's misconduct underlying charges 1-7 also violated rule 8.4(h), and instead sustain this charge. The AGC maintains that the Referee erred when he found that rule 8.4(h) only applies in instances in which the misconduct at issue does not violate other provisions of rule 8.4. Respondent was personally served with the motion pursuant to CPLR 308(4) but has not submitted a response.
We agree for the following reasons. First, the Referee's misconduct findings sustaining charges 1-7 are well founded and hereby confirmed. Second, the Referee erred in not sustaining charge 8 because rule 8.4(h) applies to violations both within and outside of rule 8.4 (see e.g. Matter of Edelman, 245 AD3d 105 [1st Dept 2025] [commingling client and business/personal funds in violation of rule 1.15(b)(1) and failure to maintain required bookkeeping records in violation of rule 1.15(d)(1)(i), (ii), and also violated rule 8.4(h)]; Matter of Novofastovsky, 204 AD3d 15 [1st Dept 2022] [non-venal misappropriation in violation of rule 1.15(a) and failure to maintain required bookkeeping records in violation of rule 1.15(d)(1)(i), (ii), and also violated rule 8.4(h)]; Matter of Marshall, 153 AD3d 1 [1st Dept 2017] [misconduct that included fabrication of settlement documents and presenting them to client and the AGC in violation of rules 1.3(a), 8.4(c), and 8.4(d) also violated rule 8.4(h)]).
[*3]
We also agree with the Referee's recommendation of a four-year suspension as it falls within the two-to-four year range of suspensions that we typically impose for comparable misconduct (see e.g. Matter of Castro, 184 AD3d 272 [1st Dept 2020] [four-year suspension for, inter alia, non-venal misappropriation of client funds, failure to maintain required bookkeeping records, and failure to cooperate with the AGC]; Matter of Racer, 56 AD3d 125, 128 [1st Dept 2008] [four-year suspension for, inter alia, "three years of complete noncompliance with the most basic bookkeeping requirements of [former] DR 9-102 [rule 1.15's predecessor], including the failure to preserve the identity of a client's funds and the nonexistence of proper records which continuously placed client funds in danger of being depleted, regardless of the fact that the parties were ultimately repaid"; aggravation included belated cooperation with the AGC]; Matter of Levy, 307 AD2d 47 [1st Dept 2003] [three-year suspension for, inter alia, non-venal misappropriation of client funds and failure to maintain required bookkeeping records, restitution, bookkeeping reforms, cooperation, and remorse, prior discipline]).
Respondent's interim suspension for failure to cooperate with the AGC makes his case most similar to Racer and Castro in which four-year suspensions were imposed. In addition, respondent has three prior Admonitions, two of which are for non-venal misappropriation of client funds, commingling personal and client funds, and failure to maintain required bookkeeping records, which are the same acts of misconduct at issue in this case.
Accordingly, AGC's motion should be granted to confirm the Referee's findings sustaining charges 1-7 and his sanction recommendation, to disaffirm the Referee's finding declining to sustain charge 8 and to sustain this charge, and respondent is suspended from the practice of law in the State of New York for a period of four years, effective immediately, and until further order of the Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department to confirm the Referee's findings sustaining charges 1-7 and his sanction recommendation, to disaffirm the Referee's finding declining to sustain charge 8 and to sustain this charge, pursuant to 22 NYCRR 603.8-a(t)(4) and 1240.8(b)(2), is granted, and respondent, Anthony Servall Chilliest, is suspended from the practice of law in the State of New York for a period of four years, effective immediately, and until further order of this Court; and
[*4]
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Anthny Servall Chilliest, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Anthony Servall Chilliest, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Anthony Servall Chilliest, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 16, 2026