Matter of Schuman (2020 NY Slip Op 01566)





Matter of Schuman


2020 NY Slip Op 01566


Decided on March 5, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, David Friedman, Dianne T. Renwick, Cynthia S. Kern, Jeffrey K. Oing, Justices.


M-7860

[*1]In the Matter of Dennis A. Schuman, an attorney and counselor-at-law: Attorney Grievance Committee, for the First Judicial Department, Petitioner, Dennis A. Schuman (OCA Atty. Reg. No. 1275031), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Dennis A. Schuman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 5, 1976.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kevin P. Culley, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Dennis A. Schuman was admitted to the practice of law in the State of New York by the Second Judicial Department on May 5, 1976. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (the Committee) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2) and (5), immediately suspending respondent from the practice of law until further order of this Court, based on his admissions under oath and uncontroverted evidence of professional misconduct which immediately threatens the public interest.
In 2017, Global Financial Credit, LLC (Global), a litigation financing company, filed a complaint with the Committee alleging that respondent had failed to honor liens in certain matters. During the Committee's investigation, respondent provided the Committee with bookkeeping records and appeared for three depositions. The present motion stems from the [*2]Committee's investigation, which revealed evidence of respondent's escrow-related misconduct in three separate matters.
In the first instance, respondent's client in a personal injury matter obtained a $6,000 cash advance loan from Global in March of 2011, to whom she assigned a security interest in the anticipated recovery in the action. Respondent acknowledged the lien in writing and agreed not to disburse funds from his client's portion of the recovery until the lien was satisfied. In October 2012, respondent settled his client's matter for $75,000.
In December 2012, respondent deposited the $75,000 in settlement funds into his escrow account and issued a check to his client for $1,000. Thereafter, between December 26, 2012 and January 31, 2013, respondent made five cash withdrawals totaling $31,750 from his escrow account, which he deposited into his operating account. In February 2013, respondent issued an escrow check for $20,000 to his client's landlord, causing the escrow balance to fall to $22,250. By March 11, 2013, respondent issued three escrow checks payable to himself totaling $22,000, which represented the remaining balance of his client's $75,000 settlement. At this point, respondent had not paid Global any portion of his client's settlement.
At his deposition on January 23, 2019, respondent admitted to using his client's settlement funds for personal benefit. Based on the foregoing, the Committee asserts that there is evidence that respondent misappropriated approximately $29,000 to pay for personal and business expenses, which should have been paid to Global ($18,000) and to his client ($11,000).
In response to the Committee's allegations with respect to this contention, respondent claims that he satisfied Global's lien and he does not owe his client any money. However, he has not produced any documentation of such payments.[FN1]
In the second instance, respondent's client in a personal injury matter obtained a $4,150 cash advance loan from Global in March of 2011, to whom she assigned a security interest in the anticipated recovery in the action. After depositing the loan proceeds into his operating account, respondent acknowledged Global's lien in writing and agreed not to disperse his client's share of the recovery until the lien was satisfied.
In August 2016, respondent settled a client's case for $45,000. The court ordered that respondent be paid a legal fee of $10,500 and Global be paid $9,000 out of his client's $34,500 share. After depositing the settlement funds into his escrow account, respondent disbursed $25,500 to his client and $10,500 to himself. On December 20, 2017, respondent issued an escrow check for $9,000 payable to himself (which bore the notation - "to pay [client] loan to Global Financial"), which he deposited into his operating account. However, the court-ordered $9,000 payment to Global was not paid.
Between December 2017 and February 2018, respondent repeatedly disbursed funds from his operating account to pay for personal and business expenses, which caused the account balance to fall below $9,000 (as of February 8, 2018, the account balance had fallen to $493.18). Notably, at his February 7, 2019 deposition, respondent admitted that he used $9,000, intended for Global, to pay for personal and business expenses.
In response to the Committee's allegation that respondent failed to pay Global in accordance with the court's order, respondent alleged that Global refused to accept money from him and sought a greater amount, which, in his view meant that the $9,000 no longer belonged to Global. Nevertheless, on February 23, 2018, respondent paid Global $9,000.
In the third instance, respondent settled a client's personal injury matter for $75,000 and [*3]deposited the settlement funds into his escrow account. During the pendency of this action, his client received $54,146.31 in worker's compensation benefits from Commerce and Industry Insurance Company (C & I). In his deposition, respondent admitted that he was aware of C & I's worker's compensation lien when the case was settled.
Between August 19, 2016, and September 10, 2018, respondent issued 11 escrow checks to himself totaling $64,050 for legal fees and 12 checks to his client totaling $19,300. However, no checks were issued to C & I in satisfaction of the lien.
The Committee alleges that, by letter dated February 3, 2017 (the return receipt for which appears to have respondent's signature), AIG Global Recovery Services advised him that C & I asserted a lien for $54,146.31 against his client's settlement, which respondent ignored. Respondent denies receiving this letter and claims that the signature on the return receipt is not his. This assertion, however, is belied by his testimony, in which he admitted receiving a phone call and letter from C & I regarding this lien. In December 2017, C & I sued respondent and his client to recover on the lien.
The Committee maintains that respondent's bank records and deposition testimony support the allegations that respondent converted and/or misappropriated client and third-party funds in the matters described above. The Committee argues that these incidents of misconduct immediately threaten the public interest and warrant his interim suspension.
In addition to the above noted arguments made by respondent in opposition to the Committee's motion, respondent maintains, without evidence, that his clients and all third-party entities received the funds to which they were entitled. In addition, he argues that an interim suspension is unwarranted because he has practiced law for 43 years, has never been subject to disciplinary proceedings and would suffer financial hardship from such a suspension.
Pursuant to 22 NYCRR 1240.9(a), this Court may suspend an attorney from the practice of law, "on an interim basis during the pendency of an investigation or proceeding on application or motion of a Committee . . . and upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest." The Committee relies on the subdivision of 22 NYCRR § 1240.9(a) that an interim suspension may be based upon: . . . "(2) the respondent's admission under oath to the commission of professional misconduct . . . or (5) other uncontroverted evidence of professional misconduct."
We find that the Committee has met its burden and respondent should be immediately suspended until further order of this Court. The record sufficiently establishes that respondent repeatedly misappropriated and/or converted client and third-party funds and used the funds without permission for his own personal purposes (see Matter of Carlebach, 156 AD3d 44 [1st Dept 2017]; Matter of Perchekly, 149 AD3d 17 [1st Dept 2017]).
Although respondent paid Global's $9,000 lien in one matter, this alone is not sufficient to avoid an interim suspension (see Matter of Baumgarten, 177 AD3d 145, 150 [1st Dept 2019]). In addition, respondent's personal circumstances are more appropriate for consideration as mitigation evidence at a hearing based on formal charges (id.).
Accordingly, the Committee's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Order filed. [March 5, 2020]
The Committee's motion for an order, pursuant to 22 NYCRR 1240.9(a)(2) and (5), immediately suspending respondent is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(2) and (5), effective the date hereof, and until further order of this Court.



Footnotes

Footnote 1:Respondent also gave varying explanations for the manner in which he handled his client's funds. For instance, respondent claimed, without evidence, that he transferred funds from his escrow account to his operating account as a security measure in response to alleged cyber-attacks against the escrow account.