Matter of Etheridge (2021 NY Slip Op 06046)





Matter of Etheridge


2021 NY Slip Op 06046


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Anil C. Singh
Tanya R. Kennedy
Manuel J. Mendez
John R. Higgitt, JJ.


Motion No. 2021-02889 Case No. 2021-03135 

[*1]In the Matter of Derek Etheridge (Admitted as Derek Ramon Etheridge), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Derek Etheridge, (OCA Atty Reg. No. 4246401.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 28, 2004.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin P. Culley, of counsel), for petitioner.
Peter Brill, Esq., Brill Legal Group, P.C., for respondent.



Per Curiam 


Respondent Derek Etheridge was admitted to the practice of law in the State of New York by the First Judicial Department on June 28, 2004 under the name Derek Ramon Etheridge. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (the Committee) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2) and (5), immediately suspending respondent from the practice of law until further order of this Court, based on his admissions under oath and uncontroverted documentary evidence of professional misconduct that immediately threatens the public interest.
In 2020, the Committee received a complaint from one of respondent's clients who alleged, as is relevant here, that respondent had failed to timely release to her the proceeds from the sale of her cooperative apartment, despite several requests that he do so. During the Committee's investigation, respondent provided the Committee with bank records and appeared for a deposition. The present motion stems from the Committee's investigation, which revealed evidence of respondent's escrow-related misconduct in the client's matter.
In January 2019, in contemplation of the sale of the client's cooperative apartment, respondent received a down payment from the buyer in the form of two checks in the aggregate amount of $18,000.00. Respondent deposited these checks into his IOLA account. Respondent made various withdrawals from the account, causing the balance to fall to $11,494.00 on May 30, 2019. As discussed below, respondent made the withdrawals to pay personal expenses. Respondent received $10,000.00 from the client in June 2019 in anticipation of closing costs, and deposited this check into the IOLA account.
The closing was held on October 2, 2019. On that day, respondent deposited a check in the amount of $377.73 from the buyer and a check in the amount of $48,508.59 (sale proceeds) into the IOLA account, and issued a check in the amount of $2,620.00 to the New York City Department of Finance in payment of the transfer tax. In November 2019, respondent made a partial payment to the client in the amount of $25,000.00, stating that he was holding the remainder of the proceeds pending confirmation from the City of New York and the Internal Revenue Service that appropriate liens and taxes related to the sale had been paid.
Between October 4, 2019 and June 15, 2020, respondent made 72 withdrawals from the IOLA account in the aggregate amount of $35,707.34. Like the previous withdrawals, respondent made these withdrawals to pay personal expenses. On June 15, 2020, the balance in the account was $3.78.
The client's September 2020 emails to respondent indicate that the remainder of the proceeds had not been disbursed to her and that respondent had invoked [*2]his status as the holder of a power of attorney for the purposes of the real estate transaction to justify retaining the balance while investigating capital gains taxes.
In September 2020, respondent deposited $25,000.00, borrowed from a friend, into the IOLA account, and subsequently sent the client a check drawn on the account in the amount of $14,645.00, reiterating that he was responsible for federal and state tax liability as the holder of a power of attorney. In January 2021, respondent and the client ostensibly agreed that the client would withdraw the present disciplinary complaint in exchange for payment. Respondent received a loan in the amount of $15,000.00 from another friend and used these funds to send the client a check in the amount of $10,355.00. In March 2021, respondent caused a cashier's check in the amount of $24,000.00 to issue in the client's favor.
At his deposition on May 7, 2021, respondent admitted to using his client's sale proceeds and other transaction-related deposited funds for his personal benefit, paying living expenses for himself, his estranged spouse and their children. Respondent acknowledged that he knew he had not received permission from the buyer or his client to use the funds, which were in the IOLA account, in this manner, and that he did not inform them of the withdrawals.
Based on the foregoing, the Committee asserts that there is evidence that respondent misappropriated funds to pay for personal expenses, and misrepresented, to the client and to the Committee, the reasons for delaying payment to the client.
The Committee maintains that respondent's bank records and deposition testimony support the allegations that respondent converted and/or misappropriated client funds in the above-described matter. The Committee argues that this misconduct immediately threatens the public interest and warrants his interim suspension.
In opposition, respondent does not deny or controvert his statements to the Committee or the documentary evidence substantiating those statements. Respondent, through the affirmation of counsel, asserts that after he left a large firm at which he had practiced for 10 years, family and friends referred small matters to him, including the complaining client's matter. Respondent states that his practice at the law firm involved no real estate transactions, and he had no background or training in real estate transactions. He advises that he had never opened an IOLA account in his career until he realized he needed to do so to complete the subject real estate transaction. He states that his law school training with respect to the rules governing IOLA accounts was "limited," and he has taken no continuing legal education courses on the subject. Respondent advises that he has closed the IOLA account, has no private clients, and does not intend to seek work from private clients in the future.
Respondent concedes that the unauthorized withdrawals were of funds due the client, and asserts [*3]that they were made at a time when he had been asked to leave the marital home and needed to pay living expenses. Furthermore, he explains that, in his current position as a contract attorney for the New York City Department of Education, he does not interact with private clients or handle their money. Respondent finally asserts that he has been admitted to practice for 17 years, and that this is his first disciplinary matter. Respondent maintains that the motion should be denied because he is not a danger to the public and there is minimal likelihood of the recurrence of similar conduct.
Pursuant to 22 NYCRR 1240.9(a), this Court may suspend an attorney from the practice of law, "on an interim basis during the pendency of an investigation or proceeding on application or motion of a Committee . . . and upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest." The Committee highlights that an interim suspension may be based on the respondent's admission under oath to the commission of professional misconduct, or other uncontroverted evidence of professional misconduct (22 NYCRR 1240.9[a][2], [5]).
We find that the Committee has met its burden and respondent should be immediately suspended until further order of this Court. The record establishes that respondent repeatedly misappropriated and/or converted client funds and used the funds without permission for his own personal purposes (see Matter of Carlebach, 156 AD3d 44 [1st Dept 2017]; Matter of Perchekly, 149 AD3d 17 [1st Dept 2017]). This Court has consistently held that it is improper to use an escrow account for such purposes (see e.g. Matter of Sieratzki, 186 AD3d 85, 90 [1st Dept 2020]).
Although respondent eventually made payments to the client, this is insufficient to avoid an interim suspension (see Matter of Schuman, 183 AD3d 32 [1st Dept 2020]; Matter of Baumgarten, 177 AD3d 145, 150 [1st Dept 2019]). While respondent cites to a lack of experience regarding the rules related to the maintenance of accounts holding client funds, he declined to familiarize himself with them at any time prior to or during his representation of the subject client. Respondent's personal circumstances, while unfortunate, are more appropriately considered in mitigation of any charges the Committee ultimately pursues (see Matter of Afilalo, 139 AD3d 175 [1st Dept 2016]). We note, too, that respondent attempted to prevent an investigation by the Committee by suggesting to the client that she withdraw her complaint in exchange for the balance of the funds that were owed to her as a result of the real estate transaction.
Accordingly, the Committee's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
It is ordered that the motion is granted and respondent Derek Etheridge, admitted as Derek Ramon Etheridge, is suspended from the practice of law [*4]in the State of New York pursuant to 22 NYCRR 1240.9 (a) (2) and (5), effective the date hereof, and until further order of this Court, and
It is further ordered that respondent Derek Etheridge, admitted as Derek Ramon Etheridge, is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until further order of this Court, and
It is further ordered that respondent Derek Etheridge, admitted as Derek Ramon Etheridge, is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made a part hereof, and
It is further ordered that within 20 days of the date of service of this decision, respondent Derek Etheridge, admitted as Derek Ramon Etheridge, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9 [c]).
Entered: November 4, 2021