Matter of Schuman (2022 NY Slip Op 05597)

Matter of Schuman

2022 NY Slip Op 05597

Decided on October 06, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Dianne T. Renwick
Cynthia S. Kern
Jeffrey K. Oing
Lizbeth González, JJ.

Motion No. 2022-01558 Case No. 2019-04253 

[*1]In the Matter of Dennis A. Schuman, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Dennis A. Schuman, (OCA Atty. Reg. No. 1275031.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 5, 1976.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin P. Culley, of counsel), for petitioner.
Dennis A. Schuman, pro se.

Per Curiam 

Respondent Dennis A. Schuman was admitted to the practice of law in the State of New York by the Second Judicial Department on May 5, 1976. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
In 2017, Global Financial Credit, LLC (Global), a litigation financing company which gave cash advances to several of respondent's clients based on their potential recoveries, filed a complaint with the Attorney Grievance Committee (AGC) alleging that respondent had failed to honor liens in several personal injury matters. The complaint claimed that respondent converted the cash advances and his clients' settlements to his personal use, and provided false and misleading information to Global about the nature and status of his clients' claims, some of which had been settled. The AGC's investigation, which included a review of respondent's bookkeeping records for his attorney escrow account and business account, and three depositions of respondent, led to allegations that respondent had commingled, misappropriated and converted more than $63,000 in client and third-party funds to his own benefit.
On March 5, 2020, this Court immediately suspended respondent from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2) and (5), based upon the bank records and admissions he made during a deposition before the AGC which evidenced that he misappropriated and/or converted client and third-party funds in three separate matters and used said funds for his own personal purposes without permission (183 AD3d 32 [1st Dept 2020]).
In September 2020, the AGC served respondent with a petition containing 12 charges of professional misconduct alleging that: by withdrawing funds held in his escrow account on behalf of three client matters for his personal use, without the knowledge, permission, or consent of Global Financial LLC, which held a security interest in funds related to two of the matters, and without the knowledge, permission or consent of C&I Insurance Co., which held a security interest with respect to a third matter, respondent intentionally converted third-party funds to his own use, which conduct constituted dishonesty, fraud, deceit or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0); by failing to maintain intact client and third-party funds held in his escrow account incident to his practice of law, and permitting the balances of said funds to fall below the amount required to be maintained therein for the benefit of two of his clients and third-parties Global and C& I Insurance Co., respectively, respondent misappropriated client and third-party funds, in violation of rule 1.15(a); by depositing client and third-party funds into his business account, which simultaneously [*2]held respondent's own business and personal funds, respondent commingled said funds, in violation of rule 1.15(a), and by failing to hold client and third-party funds in a separate account incident to his law practice, respondent violated rule 1.15 (b)(1); by failing to promptly pay to Global and C&I Insurance Co. funds in his possession which they were entitled to receive, respondent violated rule 1.15(c)(4); by making cash withdrawals from his escrow account, respondent violated rule 1.15(e); by testifying at an examination under oath before the AGC that he satisfied Global's security interest in a settlement in one of the client matters prior to disbursing any other funds in that matter, when in fact he disbursed the funds in their entirety without paying Global, respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of rule 8.4(c) and in conduct that prejudiced the administration of justice, in violation of rule 8.4(d); by failing to make accurate entries of all financial transactions in his special account in his records or receipts and disbursements in a ledger book or similar record or other books of account kept in the regular course of business, respondent violated rule 1.15 (d)(2); and by virtue of having committed all of the misconduct alleged, respondent engaged in conduct that adversely reflected on his fitness as a lawyer, in violation of rule 8.4(h).
Respondent failed to interpose an answer or otherwise respond to the charges. By unpublished order entered March 5, 2021, this Court deemed the charges admitted based on respondent's default and appointed a referee to conduct a hearing to consider evidence in mitigation and aggravation, if any, and recommend such disciplinary action as might be appropriate. The AGC introduced exhibits consisting of respondent's escrow account records, Excel spreadsheets, loan documents and security agreements regarding liens, transcripts of respondent's EUO and court filings, and also summarized the charges sustained against him by the Court.
The Referee found that respondent had received sufficient notice of the sanction hearing but had chosen not to appear. The Referee agreed with the AGC that the misconduct at issue, the aggravation, including respondent's failure to answer the charges or to appear at the sanction hearing, and the absence of mitigation, warranted the sanction of disbarment.
The AGC now seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.8-a (t) (4) and 1240.8 (b) (2), confirming the Referee's sanction recommendation and disbarring respondent.
This Court's precedent makes clear that "[a]bsent extremely unusual mitigating circumstances," intentional conversion of client or third-party funds warrants disbarment (Matter of Lubell, 190 AD2d 479, 481 [1st Dept 1993]; see e.g. Matter of Bernier, 177 AD3d 37 [1st Dept 2019]; Matter of Bloomberg, 154 AD3d 75 [1st Dept 2017]). Disbarment is further [*3]supported by respondent's failure to participate in this proceeding (see Matter of Carlos, 192 AD3d 170 [1st Dept 2021]; Matter of Holubar, 84 AD3d 100 [1st Dept 2011]).
Accordingly, the AGC's motion to confirm the Referee's sanction recommendation and for an order disbarring respondent should be granted and respondent's name is stricken from the roll of attorneys in the State of New York, effectively immediately.
All concur. IT IS ORDERED that the Attorney Grievance Committee for the First Judicial Department's motion pursuant to 22 NYCRR 603.8-a (t) (4) and 1240.8 (b) to confirm the Referee's report and sanction recommendation is granted and respondent, Dennis A. Schuman, admitted as Dennis Alan Schuman, is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately and continuing until further order of this Court, and
IT IS FURTHER ORDERED that, effective immediately, pursuant to Judiciary Law § 90, respondent, Dennis A. Schuman, admitted as Dennis Alan Schuman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that respondent, Dennis A. Schuman, admitted as Dennis Alan Schuman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15) which are made a part hereof, and
IT IS FURTHER ORDERED that if respondent, Dennis A. Schuman, admitted as Dennis Alan Schuman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: October 6, 2022