Matter of Pinzler (2026 NY Slip Op 00583)

Matter of Pinzler

2026 NY Slip Op 00583

Decided on February 05, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
Troy K. Webber Tanya R. Kennedy Barbara R. Kapnick John R. Higgitt
Justices.
 Motion No. 2025-04456 Case No.2025-04992
 In the Matter of William M. Pinzler
an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
William M. Pinzler (OCA Atty. Reg. No. 1046796)
Respondent.

Motion No. 2025-04456|Case No. 2025-04992|

[*1]In the Matter of William M. Pinzler, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, William M. Pinzler (OCA Atty. Reg. No. 1046796), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William M. Pinzler, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 26, 1972.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York City
(Diana Neyman, of counsel), for petitioner.
T. Barry Kingham, Esq., for respondent.

Per Curiam 

Respondent William M. Pinzler was admitted to the practice of law in the State of New York by the Second Judicial Department on April 26, 1972. At all times relevant to this proceeding, respondent maintained a business address in the First Judicial Department (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
In January 2024, the Attorney Grievance Committee (AGC) received a complaint from an individual (N.M.) alleging that his solely owned company (S.S.) entered into a finance agreement with a securities entity (the client), which was represented by respondent and agreed to make a syndicated loan to S.S. Respondent served as escrow agent for the transaction, which required S.S. to pay $899,576 in up-front fees, to be maintained in respondent's escrow account until the loan was disbursed. The parties' agreements provided that if the loan was not disbursed to the borrowers by August 2023, all escrowed upfront fees would be refunded to the borrower upon demand. The August 2023 deadline passed without the loan being disbursed, and N.M. demanded that the up-front fees be returned.
As part of its investigation, the AGC obtained the bank records for respondent's escrow account and on January 7, 2025, respondent appeared before the AGC for an examination under oath. The bank records show that on February 23, 2024, the first installment of $106,000 of the up-front fees N.M./S.S. paid was wired to respondent's escrow account. Respondent almost immediately began drawing against these funds via transfers and payments unrelated to the loan transaction. As of February 27, 2023, the account balance was $41,175.75, evincing a shortfall of approximately $64,824 in the funds respondent should have continuously held intact for N.M./S.S.
On March 2, 2023, N.M./S.S. wired $530,000 to respondent's escrow account as its second installment of the up-front fees. Respondent immediately began making disbursements unrelated to the loan transaction, thereby invading these funds. As of March 31, 2023, the account balance fell to $521.79.
On May 18, 2023, N.M./S.S. wired $263,576 to respondent's escrow account, representing the third installment of the up-front fees under the loan agreement. Respondent immediately began to invade the funds via payments and transfers unrelated to the transaction, most of which respondent claimed were made at the client's direction, but also included $18,000 that respondent paid to himself. As of June 12, 2023, the account balance was $347.79.
During his deposition under oath before the AGC, respondent did not dispute the transactions listed in the bank records and did not dispute that the escrow account does not have the necessary funds to repay N.M./S.S. In his April 23, 2024 answer to the complaint, respondent stated that he has been "authorized to release the funds to [N.M.] That is scheduled to take place this week. [They] will be paid in full and I have been permitted to pay an additional sum to [N.M.] to cover [the] legal costs." However, according to N.M.'s May 2, 2025 reply, respondent has not refunded the money. S.S. also brought suit against respondent in the United States District Court, Southern District of New York, alleging breach of the escrow agreement and moved for summary judgment. Respondent opposed the motion, which is still pending before the court. To date, respondent has not made restitution to N.M./S.S.
The AGC now seeks an order, pursuant to 22 NYCRR 1240.9(a)(2) and (5), immediately suspending respondent from the practice of law until further order of this Court. Respondent has not filed opposition to this motion.
Pursuant to 22 NYCRR 1240.9(a), an interim suspension is appropriate upon a finding that the respondent engaged in conduct immediately threatening the public interest. This finding "may be based upon: (2) the respondent's admission under oath to the commission of professional misconduct or (5) other uncontroverted evidence of professional misconduct." Here, the AGC has met its burden with respect to both grounds for interim suspension.
Respondent's deposition testimony and bank records establish that he intentionally converted and/or misappropriated approximately $899,576 in third party funds and thereby engaged in conduct immediately threatening the public interest (see e.g. Matter of Iannuzzi, 207 AD3d 105 [1st Dept 2022] [interim suspension pursuant t0 1240.9(a)(2) and (5) based on admissions made during deposition before AGC and bank records evincing intentional conversion and/or misappropriation of client and third party funds]; Matter of Etheridge, 200 AD3d 52 [1st Dept 2021] [same]; Matter of Schuman, 183 AD3d 32 [1st Dept 2020] [same]; Matter of Baumgarten, 177 AD3d 145 [1st Dept 2019] [same]).
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for interim suspension, pursuant to 22 NYCRR 1240.9(a)(2) and (5), is granted, and respondent, William M. Pinzler, is suspended from the practice of law, effective immediately, and until further order of the Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, William M. Pinzler, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, William M. Pinzler, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, William M. Pinzler, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and
It is further Ordered that, within 20 days of the date of service of this order, respondent William M. Pinzler, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).
Entered: February 5, 2026