Matter of Gross (2023 NY Slip Op 03549)

Matter of Gross

2023 NY Slip Op 03549

Decided on June 29, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Troy K. Webber
Anil C. Singh
Tanya R. Kennedy
Bahaati E. Pitt-Burke, JJ.

Motion No. 2022-05216 Case No. 2022-05823 

[*1]In the Matter of Bradley S. Gross (admitted as Bradley Stewart Gross), an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Bradley S. Gross (OCA ATTY. REG. NO. 2446847), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York as Bradley Stewart Gross at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 19, 1992.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Bradley S. Gross was admitted to the practice of law in the State of New York by the Second Judicial Department on February 19, 1992, under the name Bradley Stewart Gross. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
By motion dated December 2, 2022, the Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) and (5) immediately suspending respondent from the practice of the law and until further order of this Court, based on his failure to submit a responsive answer to a complaint and bank records and other documents evidencing his conversion and/or misappropriation of client funds.
The AGC met its burden under 1240.9(a)(5) by presenting sufficient evidence, namely, bank records and other documents indicating that respondent converted and/or misappropriated approximately $ 1.4 million in client funds in that under the terms of his purported fee agreement with his client (which he did not memorialize in writing as required by 22 NYCRR 1215.1, for which he was the subject of a prior complaint) he was entitled to at most $880,000.
While respondent claims loss and/or inability to locate the relevant files to support his claims to the monies he paid himself out of the client's escrow funds, the fact remains that under Rules for Professional Conduct (22 NYCRR 1200.0) rule 1.15(d), he is obligated to maintain for seven years bookkeeping records which, inter alia, "specifically identify the date, source and description of each item deposited, as well as the date, payee, and purpose of each withdrawal or disbursement" (rule 1.15[d][1][i]). Respondent should therefore have been able to produce, at a minimum, bookkeeping records from 2012 through 2018.
This Court has repeatedly imposed an interim suspension under 1240.9(a)(5) for the conduct at issue (see e.g. Matter of Schwartz, 214 AD3d 153 [1st Dept 2023]; Matter of Carlebach, 156 AD3d 44 [1st Dept 2017]). It is therefore unnecessary to decide whether there is sufficient evidence to impose an interim suspension under 1240.9(a)(3).
Respondent's personal and family issues may arguably be presented in mitigation to formal charges, but they are not sufficient to avoid an interim suspension (see Matter of Afilalo, 139 AD3d 175, 180 [1st Dept 2016[*2]]).
Accordingly, the AGC's motion should be granted to the extent of suspending respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(5), effective immediately.
All concur.
It is Ordered that the Attorney Grievance Committee's motion to immediately suspend respondent is granted, pursuant to 22 NYCRR 1240.9(a)(5), and respondent Bradley S. Gross, admitted as Bradley Stewart Gross, is suspended from the practice of law, effective immediately, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
It is further Ordered that the respondent shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: June 29, 2023