Matter of Grant (2024 NY Slip Op 00026)

Matter of Grant

2024 NY Slip Op 00026

Decided on January 04, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,P.J.,
David Friedman
Tanya R. Kennedy
Manuel J. Mendez
John R. Higgitt,
JJ.

Motion No. 2023-04521 Case No. 2023-05157 

[*1] In the Matter of Ghenya B. Grant, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ghenya B. Grant (OCA Atty. Reg. No. 3053345), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ghenya B. Grant, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on July 26, 2000.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Derrick Magwood, Esq., for respondent.

PER CURIAM 

Respondent, Ghenya B. Grant, was admitted to the practice of law in the State of New York by the Second Judicial Department on July 26, 2000. At all times relevant respondent maintained a registered address in the First Judicial Department.
The Attorney Grievance Committee (Committee), by amended notice of motion, seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.9(a)(1), (3), and (5), immediately suspending respondent from the practice of law and until further order of this Court. The motion is based on her failure to comply with the Committee's investigation by: (1) not appearing for an examination under oath as directed by judicial subpoena; (2) failing to provide identifying information, and statements for her attorney escrow account; and (3) failing to provide bank records.
On August 29, 2017, respondent was the Referee in a foreclosure action in which the complainant's company had entered the winning bid. A down payment of $79,000 was tendered to respondent as Referee, consisting of two cashier's checks, one for $50,000, another for $25,000, with the memo portion of each check bearing the complainant's name, and the remainder of the funds in cash. The foreclosure sale was never completed. On November 1, 2021, Supreme Court, Nassau County issued an order vacating the sale, and ordering that respondent return the down payment to the complainant's company.
The complainant unsuccessfully sought to have respondent return the $79,000 and on May 19, 2022, filed a complaint against respondent with the Second Judicial Department's Grievance Committee for the Tenth Judicial District, which was transferred to the Committee on or about June 1, 2022.
By letters and emails dated August 10, 2022, August 31, 2022, September 30, 2022, October 12, 2022, November 7, 2022, December 6, 2022, December 8, 2022, and December 28, 2022, the Committee requested that respondent answer the complaint and warned her that failure to answer could result in her interim suspension from the practice of law. Respondent sought multiple extensions to answer (which were granted by the Committee) alleging that a medical condition prevented her from answering. On December 8, 2022, Committee staff called respondent and emailed her the same day to remind her that she was to submit an answer by December 12, 2022 "or medical documentation supporting your need for an extension [*2]of time to provide her answer." Respondent was warned that if her answer or medical documentation was not received by the due date of December 12, 2022, "the Committee will obtain a subpoena to compel your appearance at an examination under oath." On December 12, 2022, respondent did not answer but submitted a letter from a physician assistant which, in relevant part, stated that "[respondent] has been a regular patient of this office and [was] treated at our office on December 12, 2022 . [Respondent] suffers from recurrent Migraine Headaches causing work limitations [and] is waiting for an upcoming Neurologist appointment for evaluation and treatment." The Committee found the physician assistant's letter insufficient and on December 28, 2022, gave respondent a final extension to answer by January 25, 2023.
On January 25, 2023, respondent submitted an answer asserting that she had been attending to sick family members, had a death in her family, and was ill herself. Respondent also stated, in relevant part, that she did not recall being assigned to any cases by "that particular judge"; she had not handled referee matters "for quite some time"; the lapse of time placed her at a disadvantage because she had been displaced from her office and files had been damaged "due to flooding/smoke etc."; and that she had changed electronic devices.
On January 26, 2023, the Committee sent an email directing respondent to forward copies of all her escrow account bank statements "between November 1, 2021, and the present," by January 27, 2023. If she did not have the statements respondent was directed to provide the name of her bank and the escrow account number. On January 27, 2023, respondent sent an email to the Committee stating she did not feel well and needed additional time "to seek advice and counsel in this matter." On the same date, the Committee notified respondent by email, that she must produce bank statements and/or bank account information. Respondent did not reply to the Committee's email.
On March 1, 2023, respondent was personally served with a judicial subpoena, directing her to appear before the Committee on March 10, 2023, for an examination under oath. Respondent did not appear and failed to comply with the subpoena.
The Committee through its exhaustive independent investigation found the necessary information and obtained respondent's escrow account records directly from her bank. The records show that respondent deposited the complainant's $79,000 down payment into her escrow account on August 29, 2o17. Thereafter, respondent made improper ATM withdrawals and debit card purchases from her escrow account that repeatedly invaded the client's down payment. As of December 10, 2019, the balance in the escrow account was $6.53.
The Committee maintains that respondent's interim suspension is warranted pursuant to 22 NYCRR 1240.9(a)(1), (3), and (5), as respondent's escrow bank account records and the November 1, 2021 court order directing [*3]respondent to return the $79,000 downpayment, constitute uncontroverted evidence that she failed to safeguard and maintain the funds and instead converted them by making repeated ATM withdrawals and debit card purchases. The Committee also maintains that respondent's failure to cooperate with its investigation after being provided with multiple opportunities and extensions to do so, and her failure to appear for an examination under oath despite being served with a judicial subpoena, is sufficient grounds for an immediate suspension pending a hearing before a referee.
Respondent, represented by an attorney, opposes the relief sought by the Committee admitting she failed to respond to its requests, but asserts that she does not have a negative disciplinary history and is currently in good standing. Respondent asks this Court to permit her to remain licensed pending a hearing as the practice of law is her sole source of income.
22 NYCRR 1240.9(a) provides for an interim suspension,
"upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (1) the respondent's default in responding to a subpoena under these Rules (3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation under these Rules or (5) other uncontroverted evidence of professional misconduct."
The Committee has met its burden and there is sufficient evidence to suspend respondent for failure to cooperate under 1240.9(a)(1) and (3). While the Committee was ultimately able to obtain her escrow account information and bank statements through its own investigative efforts, the fact remains that respondent was directed, and obligated, to provide both but failed to do so. Respondent ignored the judicial subpoena to appear before the Committee for an examination under oath. Notwithstanding respondent's claim that she is "committed to complying with the
Committee and rectifying all outstanding matters," she has demonstrated practically no effort to do so. Respondent's failure to cooperate with the Committee's investigation provides grounds for her interim suspension (seeMatter of Tessler, 215 AD3d 61 [1st Dept 2023; Matter of Shapiro, 177 AD3d 28 [1st Dept 2019]; Matter of Matic, 165 AD3d 45 [1st Dept 2018]; and Matter of Borzouye, 161 AD3d 1 [1st Dept 2018]).
Additionally, the Committee met its burden under §1240.9(a)(5) by presenting sufficient evidence, specifically bank records demonstrating that respondent converted $78,993.80 in escrow funds through ATM withdrawals and debit card purchases. Respondent was obligated to maintain the $79,000 intact and was directed by the Court to return to the remitter but failed to do so (see Matter of Gross, 217 AD3d 18 [1st Dept 2023]; Matter of Schwartz, 214 AD3d 153 [1st Dept 2023]; Matter of Carlebach, 156 AD3d 44 [1st Dept 2017]; Matter of Kiss, 152 AD3d 129 [1st Dept 2017]).
Respondent's opposition [*4]papers refer to a "medical issue," but this does not
explain how she was prevented from cooperating with the investigation while at the same time being capable of practicing law. To the extent respondent's "medical issue" is asserted as a mitigation to formal charges, it is not sufficient to avoid an interim suspension as it does not address the merits of the Committee's motion (Matter of Afilalo, 139 AD3d 175, 180 [1st Dept 2016]).
Accordingly, the Attorney Grievance Committee's motion should be granted, and respondent suspended from the practice of law effective immediately and until further order of this Court.
All concur.
It is Ordered that the Committee's motion to suspend respondent from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1), (3) and (5) is granted, and respondent Ghenya B. Grant is hereby suspended from the practice of law, effective immediately, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Ghenya B. Grant is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further ordered that respondent Ghenya B. Grant shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Ghenya B. Grant has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: January 4, 2024