Matter of Kort (2024 NY Slip Op 00273)

Matter of Kort

2024 NY Slip Op 00273

Decided on January 23, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding
Jeffrey K. Oing Peter H. Moulton Ellen Gesmer Kelly O'Neill Levy
Justices.

Motion No. 2023-04516 Case No. 2023-05153 

[*1]In the Matter of Allison G. Kort, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Allison G. Kort (OCA ATTY. REG. NO. 3052453), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Allison G. Kort, was admitted, as Allison Greer Kort, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 22, 2000.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner.
James C. Morrow, Esq., for respondent.

PER CURIAM 

Respondent Allison G. Kort was admitted, as Allison Greer Kort, to the practice of law in the State of New York by the First Judicial Department on May 22, 2000. At all relevant times, respondent's registered business address was in the State of Missouri. This Court retains continuing jurisdiction over respondent as the Judicial Department in which she was admitted to practice (cf. Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]).
The relevant facts in this matter arise from respondent's practice of law in Missouri. Respondent was licensed to practice law as an attorney in the State of Missouri on December 21, 2017. On or about January 9, 2023, the Missouri Office of Chief Disciplinary Counsel (OCDC) received a complaint prompting an investigation into respondent's law practice, specifically, that respondent missed dispositive deadlines while representing clients in appellate proceedings. During OCDC's review and investigation, respondent failed to respond to OCDC's demands for information.
With respect to the first case, respondent was hired by a client (Client 1) to represent her in a child custody appeal. Respondent filed a notice of appeal in the case but failed to file her brief by the date it was due and did not seek an extension of time within which to do so. The Missouri Court of Appeals sent respondent a dismissal notice dated December 20, 2022, and granted an extension to January 4, 2023. Respondent moved for a further extension, which request was granted and the time to file her brief was extended to January 18, 2023, with no further extensions to be granted. Respondent again failed to file her brief by the due date. She did not seek an extension of time within which to do so. The court then, on its own motion, extended respondent's time to file her brief to February 4, 2023. On February 3, 2023, respondent filed portions of a brief, blank pages and exhibits. She did not file a complete brief or move for an extension of the time within which to do so before the deadline. On February 6, 2023, the court dismissed the client's appeal. In an email to Client 1, respondent acknowledged "miss[ing] a very critical deadline" in the client's case. Respondent also wrote that she was suffering from extreme stress, depression and anxiety, and that she had reached out to the Missouri Lawyer's Assistance Program and hired a malpractice attorney.
With respect [*2]to the second case, respondent was hired by a client (Client 2) to represent him in an appeal. On October 25, 2022, respondent moved for an extension of time within which to file her brief, which motion was granted and her time extended to November 23, 2022. However, respondent did not timely file her brief by that date. On November 28, 2022, the court, on its own motion, extended the time to file to December 14, 2022. On that date, respondent filed a "non-compliant brief," which the court struck. On December 30, 2022, respondent moved to file an amended brief out of time. On January 9, 2023, the court dismissed the appeal for failure to prosecute. On January 25, 2023, respondent moved, in effect, for reconsideration. In support of the motion, respondent acknowledged that her failure to perfect this appeal was the result of her own mistake and neglect. The court denied the motion.
As to the third complaint, respondent, in representing this client (Client 3) in an appeal, requested an extension of time to file the appeal brief. The time was extended to March 29, 2023, with no further extensions. Respondent did not timely file a brief. On March 30, 2023, the court, on its own motion, extended the time to file to April 14, 2023 and sent respondent a dismissal notice. Respondent did not file papers until April 15, 2023 — i.e., the day after the papers were due. On April 17, 2023, the court struck respondent's brief for failing to comply with the applicable requirements and, on its own motion, granted respondent until May 4, 2023 to file an amended brief to correct the rules violations. Respondent again filed her brief a day late, on May 5, 2023. The court, on its own motion, granted an extension of time and accepted the brief as timely. On May 17, 2023, respondent filed a motion to file an amended brief to correct certain deficiencies in her first amended brief, and opposing counsel filed a motion for dismissal, which the Missouri court designated as "taken with the case."
During this time period, on March 17, 2023, OCDC sent respondent a written demand to provide it with a complete written response to a complaint it had received about respondent on or before March 31, 2023. After receiving no response, OCDC sent a second written demand on April 7, 2023 for a response to be due on or before April 14, 2023. Respondent again failed to respond and did not seek an extension of time within which to do so.
Based on the foregoing, on June 15, 2023, OCDC moved to suspend respondent's law license under Missouri Supreme Court Rule 5.24, pending disposition of the disciplinary matter to be filed against respondent pursuant to Missouri Supreme Court Rule 5.12. OCDC explained that it had sufficient evidence to believe that respondent was unable to competently represent the interests of her clients and that her "continued practice of law pose[d] a substantial threat of irreparable harm to the public," as evidenced by her "[r]epeated failures to meet briefing [*3]deadlines which have resulted in adverse actions against her clients," in violation of Missouri Rules of Professional Conduct 4-1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation"); 4-1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client"); 4-3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client"); and, 4-3.4(c) (a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists"). Additionally, OCDC explained that respondent was in violation of Missouri Rule of Professional Conduct 4-8.1(c), which provides that a lawyer shall not "knowingly fail to respond to a lawful demand for information from a[] . . . disciplinary authority" in connection with a disciplinary matter.
By order dated June 20, 2023, the Supreme Court of Missouri suspended respondent from the practice of law, effective immediately, based on its finding of probable cause that respondent was "guilty of multiple instances of professional misconduct and pose[d] a substantial threat of irreparable harm to the public and to the integrity of the profession." On June 30, 2023, respondent filed a motion for dissolution (i.e., a motion to vacate) the Supreme Court's order, arguing that she did not have prior notice of OCDC's requests for information and that she was taking "positive steps" to rectify her issues. Respondent's motion was denied by order dated July 5, 2023.
Respondent self-reported her interim suspension to the AGC by her counsel's letter dated August 31, 2023. The AGC moves to impose reciprocal discipline, based on respondent's interim suspension in Missouri.
Pursuant to 22 NYCRR 1240.13(b), an attorney who has been disciplined in a foreign jurisdiction has three defenses against the imposition of reciprocal discipline:
"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the respondent's misconduct; or
"(3) that the misconduct for which the respondent was disciplined in the foreign jurisdiction does not constitute misconduct in New York."
Contrary to her claims, respondent was given proper notice and an opportunity to answer the allegations against her in Missouri because OCDC mailed her two requests for a response and served her with a Motion for Interim Suspension. Respondent acknowledges receiving OCDC's motion on the date it was filed. Although the turnaround time between the date OCDC's motion was [*4]filed and the date the Supreme Court of Missouri granted the motion — five days — is admittedly short, and there does not appear to have been a specified deadline for respondent to respond to OCDC's motion, respondent does not suggest that this was contrary to how disciplinary proceedings are generally conducted in Missouri. Subsection (c) of Missouri Supreme Court Rule 5.24, which governs interim suspensions, also expressly permits lawyers to "appear and move for dissolution or modification of the order of suspension[,]" which respondent did. That same subsection provides that, "[s]uch motion shall be heard and determined as expeditiously as the ends of justice require[,]" which the Court did: five calendar days elapsed between respondent's motion being filed on Friday, June 30, 2023, and the Court denial of her motion on Wednesday, July 5, 2023. Accordingly, the Missouri disciplinary proceedings against respondent proceeded as specified in Missouri Supreme Court Rule 5.24, consistent with the requirements of due process. Notably, by suspending respondent, the Supreme Court of Missouri also rejected her claim that she was unaware of OCDC's investigative requests. Based on the foregoing, respondent has no defense under 22 NYCRR 1240.13(b)(1).
Respondent does not raise the defenses identified in sub-sections (2) or (3) of 22 NYCRR 1240.13(b). In any event, they are inapplicable. Respondent admitted to most, if not all, of the misconduct alleged by OCDC, and the AGC identified several rules of the New York Rules of Professional Conduct (see 22 NYCRR 1200.0) that respondent's misconduct would violate if she had committed that misconduct in the state.
Turning to the question of sanction, as "a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought" (Matter of Berman, 162 AD3d 21, 23-24 [1st Dept 2018]; see e.g. Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). We depart from this general rule only in "rare instances" (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]). The record does not compel a departure from our general rule. We note, however, that respondent's efforts to address her mental health struggles are commendable though they may only be presented in mitigation to formal charges, not to avoid an interim suspension (see Matter of Gross, 217 AD3d 18, 20 [1st Dept 2023]).
Accordingly, the ACG's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Missouri, is granted, and respondent Allison G. Kort, admitted as Allison Greer Kort, is suspended from the practice of law in the State of New York, effective immediately, and until such time as disciplinary matters pending before this Court have been concluded, and until further order of this Court.
All concur.
It [*5]is Ordered that the Attorney Grievance Committee's motion for discipline by consent Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Missouri, is granted, and respondent Allison G. Kort, admitted as Allison Greer Kort, is suspended from the practice of law in the State of New York, effective immediately, and until such time as disciplinary matters pending before this Court have been concluded, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Allison G. Kort, admitted as Allison Greer Kort, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law, and
It is further Ordered that respondent Allison G. Kort, admitted as Allison Greer Kort, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Allison G. Kort, admitted as Allison Greer Kort, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: January 23, 2024