Matter of Jenkins (2024 NY Slip Op 04284)

Matter of Jenkins

2024 NY Slip Op 04284

Decided on August 22, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 22, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding
David Friedman Barbara R. Kapnick Lizbeth González Manuel Mendez
Justices.

Motion No. 2024-02454 Case No. 2024-02309 

[*1]In the Matter of John S. Jenkins (Admitted as John Spencer Jenkins), An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John S. Jenkins (OCA Atty. Reg. No. 4471595), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John S. Jenkins, was admitted, as John Spencer Jenkins, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 24, 2007.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent John S. Jenkins was admitted to the practice of law in the State of New York by the Third Judicial Department on January 24, 2007, under the name John Spencer Jenkins. Respondent's last registered business address was in the First Judicial Department.
On or about February 6, 2023, the Attorney Grievance Committee (AGC) received a complaint alleging that in January 2022 the complainant and his wife retained respondent for an estate planning matter and paid him $4,500. Over the course of a year, respondent failed to timely return their phone calls, complete the work for which he had been paid, or provide a full refund as requested. After repeated directions from the AGC, respondent did not submit an answer to the complaint.
By order dated November 13, 2023, the Supreme Court of Florida found respondent in contempt and suspended him from the practice of law in that state, effective December 13, 2013, due to his failure to respond to the Florida Bar's multiple requests that he answer a separate complaint concerning his alleged mishandling of a probate/estate matter. Respondent allegedly misappropriated at least $452,359.88 of the estate's funds "by removing those funds from [his] trust account without authorization and utilizing those entrusted funds for purposes not intended by the [] Estate."
By motion dated May 15, 2024, the AGC seeks an order, in accordance with the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a)(3) and (5), immediately suspending respondent from the practice of law until further order of this Court. The motion is based on respondent's failure to answer the complaint as repeatedly directed by the AGC and his suspension in Florida for, inter alia, conversion or misappropriation of client funds.
The AGC met its burden and respondent should be immediately suspended until further order of this Court. Between February 2023 and January 2024, the AGC has repeatedly requested via letters, calls, and emails that respondent answer the February 6, 2023, complaint. Respondent has not responded to any of these inquiries, nor has he answered the complaint. Interim suspension under 22 NYCRR 1240.9 (a)(3) is therefore warranted (see Matter of Amankwaa, 221 AD3d 107 [1st Dept 2023]). Interim suspension under 1240.9 (a)(5) is also warranted because respondent's present suspension in Florida for failure to cooperate with disciplinary authorities [*2]and for conversion and/or misappropriation of at least $452,359.88 in estate funds constitute uncontroverted evidence of serious professional misconduct (see Matter of Gross, 217 AD3d 18 [1st Dept 2023]).
Accordingly, the AGC's motion should be granted, and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion of the Attorney Grievance Committee is granted, and respondent John S. Jenkins, admitted as John Spencer Jenkins, is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(3) and (5), effective the date hereof, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent John S. Jenkins, admitted as John Spencer Jenkins, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent John S. Jenkins, admitted as John Spencer Jenkins, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent John S. Jenkins, admitted as John Spencer Jenkins, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: August 22, 2024