Matter of Schwartz (2025 NY Slip Op 03387)

Matter of Schwartz

2025 NY Slip Op 03387

Decided on June 05, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding

Motion No. 2025-00526|Case No. 2022-05338|

[*1]In the Matter of Michael Schwartz a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael Schwartz (OCA Atty Reg. 4258067), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael Schwartz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 13, 2004.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Kelly A. Lantham, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael Schwartz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 13, 2004.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kelly A. Lantham, of counsel), for petitioner
Respondent, pro se.
Motion No. 2025-00526 — April 7, 2025
In the Matter of Michael Schwartz, a suspended attorney
Per Curiam
Respondent Michael Schwartz was admitted to the practice of law in the State of New York by the First Judicial Department on September 13, 2004. At all times relevant to this proceeding, respondent has maintained a law office within the First Judicial Department.
By order entered April 6, 2023, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a)(5), this Court immediately suspended respondent from the practice of law, until further order of this Court, based on uncontroverted evidence that he converted and misappropriated funds in connection with two separate real estate transactions (Matter of Schwartz, 214 AD3d 153 [1st Dept 2023]). To date, respondent has not been reinstated and remains suspended in New York.
By motion dated October 21, 2024, respondent seeks an order, pursuant to 22 NYCRR 1240.10, accepting his resignation as an attorney and counselor-at law licensed to practice in the State of New York. Respondent submitted his affidavit of resignation. In his affidavit, he attests that he is the subject of an investigation by the Attorney Grievance Committee (AGC) involving allegations of professional misconduct, which include misappropriation of client funds. He acknowledges that he cannot successfully defend against the allegations. His resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences.
Respondent consents to the entry of an order by the Court, in accordance with Judiciary Law § 90(6-a), directing him to make monetary restitution to Garden Court Housing Development Fund Corporation in the amount of $35,915.48 and to 660 St. Nicholas Avenue Housing Development Fund Corporation in the amount of $30,000.00. He acknowledges that his resignation is subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order directing that he makes restitution or reimburse the Lawyers' Fund for Client Protection. Respondent consents to the continuing jurisdiction of the Appellate Division to make such an order.
Respondent acknowledges that pending issuance of an order accepting his resignation, he will not represent any new clients or accept any retainers for future legal services to be rendered. He agrees that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on [*2]behalf of clients or others entitled to receive them. He further understands that the order resulting from his application and related documents, including his affidavit, shall be deemed public records, pursuant to Judiciary Law § 90(10).
By affirmation dated January 24, 2025, the AGC states that it does not oppose acceptance of respondent's resignation because respondent's papers were prepared and filed in compliance with the procedure for resignation set forth in 22 NYCRR 1240.10. The AGC further states that this Court has accepted the resignation of similarly situated attorneys.
As respondent's affidavit conforms with 22 NYCRR 1240.10, respondent's resignation is accepted (see e.g. Matter of McKenna, 226 AD3d 149 [1st Dept 2024]; Matter of Kazlow, 217 AD3d 72 [1st Dept 2023]; Matter of Shasanmi, 167 AD3d 85 [1st Dept 2018]).
Respondent requests that his disbarment be made effective nunc pro tunc to the date of his interim suspension. However, it is this Court's customary practice to deny such requests and deem resignations effective as to the date of which the attorney's affidavit of resignation was sworn (see e.g. Matter of Hayes, 225 AD3d 1 [1st Dept 2024]; Matter of Kiss, 163 AD3d 35 [1st Dept 2018]).
Accordingly, the motion should be granted to the extent of accepting respondent's resignation, and his name be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 21, 2024, the date of respondent's affidavit of resignation.
Further, in accordance with Judiciary Law § 90(6-a), respondent is directed to make restitution in the amounts of $35,915.48 to Garden Court Housing Development Fund Corporation and $30,000.00 to St. Nicholas Avenue Housing Development Fund Corporation.
All concur.
Wherefore, it is Ordered that the application of respondent to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent, Michael Schwartz, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 21, 2024; and
It is further Ordered that, in accordance with Judiciary Law § 90(6-a), respondent, Michael Schwartz, is directed to make restitution in the amounts of $35,915.48 to Garden Court Housing Development Fund Corporation and $30,000.00 to St. Nicholas Avenue Housing Development Fund Corporation; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Michael Schwartz, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent[*3], Michael Schwartz, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Michael Schwartz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 5, 2025